IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  JANE DOES 1 – 13 and 15 – 17; | ) | |
| | ) | |
| (2)  JOHN DOE 1; | ) | |
| | ) | |
| (3)    JOHN DOE 2, Individually and as Parent and Next Friend of Jane Doe 14, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| (1)  MOUNT SAINT MARY HIGH SCHOOL CORPORATION OF THE STATE OF OKLAHOMA, an Oklahoma corporation; | ) ) ) ) | Case No:  5:22-cv-00992-J |
| | ) | Removed from District Court of |
| (2)  THE BOARD OF TRUSTEES OF MOUNT SAINT MARY HIGH SCHOOL, an unincorporated association; | ) ) ) | Oklahoma County, Oklahoma Case No. CJ-2022-2295 |
| | ) | |
| (3) ROMAN CATHOLIC ARCHDIOCESE OF OKLAHOMA CITY, an unincorporated association; and | ) ) ) | |
| | ) | |
| (4)  SISTERS OF MERCY OF THE AMERICAS SOUTH CENTRAL COMMUNITY, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS OF DEFENDANT MOUNT SAINT MARY CORPORATION OF THE STATE OF OKLAHOMA AND THE BOARD OF <u>TRUSTEES OF MOUNT SAINT MARY HIGH SCHOOL</u>**

<u>TABLE OF CONTENTS</u>

ARGUMENT AND AUTHORITIES ..................................................................................2

I.   LEGAL STANDARD .............................................................................................2

II.  THE BOARD IS NOT A PROPER PARTY DEFENDANT ..................................2

III. JANE DOES 3, 5, 8, 10, 11, and 15's TITLE IX CLAIMS ARE TIME-BARRED 3

IV.  JANE DOE 3, 4, 5, 8, 10, 11, 15 and 16's TORT CLAIMS ARE TIME BARRED9

   A.  Negligence/Gross Negligence/Negligence Per Se ..................................................9

   B.  Intentional Infliction of Emotional Distress ........................................................10

V.   THE MSM STUDENT HANDBOOK DOES NOT CREATE A CONTRACT
     BETWEEN MSM AND A STUDENT AND/OR THEIR PARENTS.................10

VI.  PLAINTIFFS' TORTIOUS BREACH OF CONTRACT CLAIMS FAIL AS A
     MATTER OF LAW .............................................................................................13

VII. PARENT PLAINTIFFS CANNOT RECOVER FOR LOSS OF FILIAL (CHILD)
     CONSORTIUM....................................................................................................15

VIII. PLAINTIFFS' CLAIMS FOR PUBLIC NUISANCE FAIL ...............................16

CONCLUSION ............................................................................................................18

## TABLE OF AUTHORITIES

**Cases**

*Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004) .......................................... 5

*Back v. ConocoPhillips Co.*, No. CIV-12-0261 JB/WDS, 2012 WL 6846397 *25 (D.N.M.

   Aug. 31, 2012)............................................................................................................. 14

*Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 631 (10th Cir. 1993) .................. 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ................................................ 2

*Bittle v. Okla. City Univ.*, 2000 OK CIV APP 66, ¶ 15, 6 P.3d 509, 514 ........................ 11

*Boucher v. Dixie Med. Center*, 850 P.2d 1179, 1184 (10th Cir. 1992)............................. 15

*Boyett v. Airline Lumber Co.*, 277 P.2d 767, 679-80 (Okla. 1954)................................... 15

*Briscoe v. Harper Oil Co.,* 1985 OK 43, ¶ 9, 702 P.2d 33, 36........................................... 17

*Brown v. Jimerson*, 1993 OK CIV APP 158, 862 P.2d 91, 93........................................... 10

*Calvert v. Swinford*, 2016 OK 100, ¶ 6, 382 P.3d 1028, 1031 ........................................... 9

*Embry v. Innovative Aftermarket Sys., L.P.*, 247 P.3d 1158, 1160 (Okla. 2010).............. 13

*Epps v. Ellison,* 1921 OK 279, ¶ 1, 200 P. 160, 160 ........................................................ 17

*Ex parte Draughn,* 1933 OK CR 118, 26 P.2d 437,438...................................................... 16

*F.D.I.C. v. Grant*, 8 F. Supp. 2d 1275, 1288 (N.D. Okla. 1998)......................................... 3

*Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995)......................................................... 5

*Garcia v. Wilson*, 731 F.2d 640, 643 (10th Cir. 1984)........................................................ 4

*Gerald v. Locksley*, 785 F. Supp. 2d 1074, 1142 (D.N.M. 2011) ..................................... 12

*Gokool v. Oklahoma City Univ.*, CIV-16-807-R, 2016 WL 10520949, at *4 (W.D. Okla. Dec. 29, 2016) ............................................................................................................ 12

*Goodman v. President & Trustees of Bowdoin Coll.*, 135 F. Supp. 2d 40, 56 (D. Me. 2001) .................................................................................................................... 12

*Harris v. Adler School of Professional Psychology*, 723 N.E.2d 717, 722 (Ill. App. Ct. 1999) ..................................................................................................................... 13

*Hopkins v. Bacone College*, No. CIV-16-166-SPS, 2016 WL 6604357 (E.D. Okla., Nov. 8, 2016) .................................................................................................................... 3

*Johnson v. Gary E. Miller Canadian Cnty. Children's Juvenile Justice Ctr.*, No. CIV-09-533-L, 2010 WL 152138, at *2 (W.D. Okla. Jan. 14, 2010) ........................................... 4

*Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) .................................. 14

*Lee v. Phillips & Lomax Agency, Inc.*, 2000 OK 65, 11 P.3d 632, 634 .............................. 9

*Maple v. Bryce*, 434 P.2d 214 (Okla. 1967) ..................................................................... 16

*Morain v. City of Norman,* 1993 OK 149, ¶ 14, 863 P.2d 1246, 1250 ............................. 17

*Nichols v. Mid-Continent Pipe Line Co.,* 1996 OK 118, ¶ 8, 933 P.2d 272, 276 ............. 16

*Nunley v. Pioneer Pleasant Vale Sch. Dist. No. 56*, 190 F. Supp. 2d 1263, 1263 (W.D. Okla. 2002) ................................................................................................................. 4

*Oklahoma City v. West,* 1931 OK 693, ¶ 5, 7 P.2d 888, 890 ............................................ 17

*Primeaux v. Independent School District No. 5 of Tulsa County, Oklahoma*, 954 F.Supp.2d 1292 (N.D. Okla. 2012) ............................................................................... 3

*Rodgers v. Tecumseh Bank*, 756 P.2d 1223, 1227 (Okla. 1988) ...................................... 13

*Sanchez v. The New Mexican*, 738 P.2d 1321, 1324 (N.M. 1987) .................................... 12

*Shull v. Reid*, 258 P.3d 521, 525 (Okla. 2011) ................................................................. 16

*Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) ............................................. 5

*State ex rel. Hunter v. Johnson & Johnson*, 2021 OK 54, 499 P.3d 719 ......................... 17

*State ex rel. King v. Friar,* 1933 OK 501, ¶ 13, 25 P.2d 620, 622 ................................... 17

*Talley v. Time, Inc.*, No. CIV-14-853-D, 2015 WL 574716, at *6 (W.D. Okla. Feb. 11, 2015) ................................................................................................................................... 14

*Teams Systems International, LLC v. Haozous*, No. CIV-14-1018-D, 2015 WL 2131479 (W.D. Okla., May 7, 2015) .................................................................................................... 3

*Thompson v. Indep. Sch. Dist. No. I-1 of Stephens Cnty., Okla.*, CIV-12-13-M, 2013 WL 1915058, at *5 (W.D. Okla. May 8, 2013) ...................................................................... 4

*Updegraff v. City of Norman,* 1955 OK 195, ¶ 16, 287 P.2d 909, 912 ............................ 17

*Varnell v. Dora Consol. Sch. Dist.*, No. 12-CV-905 JCH/GBW, 2013 WL 12149185, at *2 (D.N.M. June 24, 2013) ................................................................................................... 4

*Williams v. Lee Way Motor Freight, Inc.*, 1984 OK 64, 688 P.2d 1294, 1297 ................ 10

## Statutes

12 Okla. Stat. § 1053 ......................................................................................................... 16

12 Okla. Stat. § 95(A)(3) ...................................................................................................... 5

50 Okla. Stat. § 1 ................................................................................................................ 16

## Other Authorities

Oklahoma Uniform Jury Instruction (OUJI) 4.3 ................................................................ 15

Defendant, Mount Saint Mary Corporation of the State of Oklahoma ("MSM") and the Board of Trustees of Mount Saint Mary High School (the "Board")[1], pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court for an order dismissing, with prejudice, certain claims asserted against MSM by Plaintiffs, Jane Does 1–13 and 15–17, John Doe 1 and John Doe 2 ("Plaintiffs") in their First Amended Complaint.  In support of this Motion, MSM states as follows:

## **INTRODUCTION**

Plaintiffs bring the above-captioned matter against MSM and the Board alleging breach of contract/tortious breach of contract, negligence/gross negligence/negligence per se, intentional infliction of emotional distress, discrimination and hostile educational environment harassment under Title IX, public nuisance, slander, and loss of child's consortium. Plaintiffs' claims arise out of allegations that MSM covered up and/or dismissed reports of sexual assault, harassment, and abuse by MSM students. Plaintiffs filed suit on May 16, 2022, and filed their First Amended Petition on October 27, 2022, naming MSM and the Board, among others, as Defendants.

The Board is not a proper party Defendant and should be dismissed with prejudice. Further, the applicable statute of limitations requires each of Plaintiffs' causes of action to be brought within two (2) years. Therefore, with respect to Jane Does 3, 5, 8, 10, 11 and 15, the limitations period on their Title IX claims have expired. With respect Jane Does 3, 4, 5, 8, 10, 11, 15, and 16, the limitations on their tort claims have also expired. Finally, all

---

[1] The "Board" is not a separate and distinct entity from MSM and joins this Motion solely to dispute that it is a proper party defendant.

1

Plaintiffs failed to allege facts capable of stating claims of breach of contract, public nuisance, or loss of child's consortium. Consequently, Jane Does 3, 5, 8, 10, 11, and 15 Title IX claims should be dismissed with prejudice as time-barred. Jane Does 3, 4, 5, 8, 10, 11, 15, and 16 tort claims should likewise be dismissed with prejudice as time-barred. In addition to these Title IX and tort claims, all of Plaintiffs' claims of breach of contract, public nuisance, and loss of child's consortium should also be dismissed for failure to state a claim.

<u>**ARGUMENT AND AUTHORITIES**</u>

## I.    LEGAL STANDARD

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. Under this standard, the following claims should be dismissed.

## II.    THE BOARD IS NOT A PROPER PARTY DEFENDANT

Plaintiffs have improperly named the Board as a Defendant. The Board is not a proper party to the lawsuit because it is not a legal entity capable of being sued; it is part

of MSM. Cases from the other federal district courts in Oklahoma are persuasive on this issue. For example, in *Primeaux v. Independent School District No. 5 of Tulsa County, Oklahoma*, 954 F.Supp.2d 1292 (N.D. Okla. 2012), the court examined the language of Sections 5-105 and 5-106 of Title 70 of the Oklahoma Statutes and determined that "Oklahoma school boards are not separate, suable entities" and dismissed the claims against the school board. *Id.* at 1294-95. The *Primeaux* court noted that because the school district and the district's board were both named as defendants in the case for the same claims—as Plaintiffs have done in the instant case—the claims were duplicative. *Id.* at 1295. In *Teams Systems International, LLC v. Haozous*, No. CIV-14-1018-D, 2015 WL 2131479 (W.D. Okla., May 7, 2015), the court dismissed claims against a board of directors, finding it analogous to a school district's board of education, which "may not sue or be sued." *Id.* at 2. In *Hopkins v. Bacone College*, No. CIV-16-166-SPS, 2016 WL 6604357 (E.D. Okla., Nov. 8, 2016), the court relied on the referenced decisions and determined that the college's board of trustees was not a legal entity capable of being sued. *Id.* at *2.

Similar to the school boards and College Board of Trustees in the cited cases, the Board of Trustees of MSM is not a legal entity capable of being sued. Accordingly, the Board is not a proper party and should be dismissed from the action.

## III.   JANE DOES 3, 5, 8, 10, 11, and 15's TITLE IX CLAIMS ARE TIME-BARRED

The purpose of a statute of limitations is to prevent the assertion of stale claims. *F.D.I.C. v. Grant*, 8 F. Supp. 2d 1275, 1288 (N.D. Okla. 1998). There is no applicable

federal statute of limitations for actions brought pursuant to Title IX, but federal courts routinely borrow the state statute of limitations applicable to personal injury actions for Title IX claims. *See, e.g.*, *Nunley v. Pioneer Pleasant Vale Sch. Dist. No. 56*, 190 F. Supp. 2d 1263, 1263 (W.D. Okla. 2002). The Tenth Circuit has previously characterized claims under Title VI of the Civil Rights Act of 1964, which prohibits discrimination based upon race, color, or national origin in any program or activity receiving federal financial assistance, as actions for injury to personal rights. *See, e.g.*, *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 631 (10th Cir. 1993); *Garcia v. Wilson*, 731 F.2d 640, 643 (10th Cir. 1984), *aff'd*, *Wilson v. Garcia*, 471 U.S. 261 (1985). This characterization is consistent with the Tenth Circuit's decision adopting a general characterization of all civil rights claims, which promotes a consistent and uniform framework by which suitable statutes of limitations can be determined for civil rights claims. *Baker*, 991 F.2d 631 (citing *Wilson,* 471 U.S. at 275, 279).

Similarly, federal district courts in the Tenth Circuit have found that Title IX claims are characterized as actions for injury to personal rights. *See*, *e.g.*, *Nunley*, 190 F. Supp. 2d at 1263 (W.D. Okla. 2002); *Thompson v. Indep. Sch. Dist. No. I-1 of Stephens Cnty., Okla.*, CIV-12-13-M, 2013 WL 1915058, at *5 (W.D. Okla. May 8, 2013); *Johnson v. Gary E. Miller Canadian Cnty. Children's Juvenile Justice Ctr.*, No. CIV-09-533-L, 2010 WL 152138, at *2 (W.D. Okla. Jan. 14, 2010); *Varnell v. Dora Consol. Sch. Dist.*, No. 12-CV-905 JCH/GBW, 2013 WL 12149185, at *2 (D.N.M. June 24, 2013), *aff'd*, *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208 (10th Cir. 2014). These courts found that the language of Title IX, which prohibits discrimination on the basis of sex under any education program

4

or activity receiving federal financial assistance, is similar to the language in Title VI considered by the Tenth Circuit in *Baker* and *Garcia*. Since Title IX claims are characterized as actions for injury to personal rights, Oklahoma's two-year state statute of limitations, found in 12 Okla. Stat. § 95(A)(3), is applicable to the Student Plaintiffs'[2] claims under Title IX. Section 95(A)(3) applies to "an action for injury to the rights of another, not arising on contract," and such claims must be brought within two years after the cause of action accrued. 12 Okla. Stat. § 95(A)(3).

While state law provides the applicable statute of limitations for Plaintiffs' Title IX claims, *federal* law governs when those claims accrue. *See Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). Under federal law, Title IX claims accrue when a plaintiff knows or has reason to know of the injury on which the action is based. *Id.*; *see Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) ("A civil rights action accrues when facts that would support a cause of action are or should be apparent." (citation omitted)). This test is an objective one, and focuses on "whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004).

Here, the Student Plaintiffs allege that they were subjected to a sexually hostile educational environment, that MSM chose not to remedy the hostile environment, and that MSM discriminated against Student Plaintiffs on the basis of their sex—all in violation of Title IX. First Am. Pet. ¶ 270. However, Jane Does 3, 5, 8, 10, 11, and 15's Title IX claims

---

[2] The Student Plaintiffs are defined in the First Amended Petition as Jane Does 1, 3, 5, 6, 8, 9, 10, 11, 12, 15, and 17. First Am. Pet. ¶ 5.

are barred by the two-year statute of limitations. The allegations in the First Amended Petition show:

- The events giving rise to Jane Doe 3's claims allegedly occurred between 2013 and 2015. First Am. Pet. ¶¶ 23, 111. Accordingly, assuming the incidents forming the basis of her lawsuit occurred, at the latest, in 2015, Jane Doe 3's Title IX claim is barred by the statute of limitations, which expired in 2017.

- The events giving rise to Jane Doe 5's claims allegedly occurred between 2014 and 2015. First Am. Pet. ¶¶ 123–31. Accordingly, assuming the incidents forming the basis of her lawsuit occurred, at the latest, in 2015, Jane Doe 5's Title IX claim is barred by the statute of limitations, which expired in 2017.

- The events giving rise to Jane Doe 8's claims allegedly occurred between 2016 and 2019. First Am. Pet. ¶¶ 26, 147. Accordingly, assuming the incidents forming the basis of her lawsuit occurred, at the latest, in 2019, Jane Doe 8's Title IX claim is barred by the statute of limitations, which expired in 2021.

- The events giving rise to Jane Doe 10's claims allegedly occurred between 2017 and 2018. First Am. Pet. ¶¶ 166–79. Accordingly, assuming the incidents forming the basis of her lawsuit occurred, at the latest, in 2018, Jane Doe 10's Title IX claim is barred by the statute of limitations, which expired in 2020.

- The events giving rise to Jane Doe 11's claims allegedly occurred in 2009. First Am. Pet. ¶¶ 181–83. Accordingly, assuming the incidents forming the basis of her

lawsuit occurred, at the latest, in 2009, Jane Doe 11's Title IX claim is barred by the statute of limitations, which expired in 2011.

- The events giving rise to Jane Doe 15's claims allegedly occurred between 2005 and 2006. First Am. Pet. ¶¶ 202–14. Accordingly, assuming the incidents forming the basis of her lawsuit occurred, at the latest, in 2006, Jane Doe 15's Title IX claim is barred by the statute of limitations, which expired in 2008.

Jane Does 3, 5, 8, 10, 11, and 15's claims are also time barred under 12 Okla. Stat. § 96, Oklahoma's general tolling statute for persons under disability. That statute allows a person under a disability to bring an action one year after the disability is removed. 12 Okla. Stat. § 96. Jane Does 3, 5, 8, 10, 11, and 15 were no longer minors, and thus no longer under disability, once they turned 18. The First Amended Petition shows:

- Jane Doe 3 graduated from MSM in 2017. First Am. Pet. ¶ 110.  Giving all reasonable inferences to Jane Doe 3 and assuming Jane Doe 3 reached the age of 18 no later than 2018, Jane Doe 3 would have had until 2019 to file this action under 12 Okla. Stat. § 96.

- Jane Doe 5 graduated from MSM in 2018. First Am. Pet. ¶¶ 23, 123. Giving all reasonable inferences to Jane Doe 5 and assuming Jane Doe 5 reached the age of 18 no later than 2019, Jane Doe 5 would have had until 2020 to file this action under 12 Okla. Stat. § 96.

- Jane Doe 8 graduated from MSM in 2019. First Am. Pet. ¶ 26. Giving all reasonable inferences to Jane Doe 8 and assuming Jane Doe 8 reached the age of 18 no

later than 2020, Jane Doe 8 would have had until 2021 to file this action under 12 Okla. Stat. § 96.

- Jane Doe 10 graduated from MSM in 2019. First Am. Pet. ¶ 28.  Giving all reasonable inferences to Jane Doe 10 and assuming Jane Doe 10 reached the age of 18 no later than 2020, Jane Doe 10 would have had until 2021 to file this action under 12 Okla. Stat. § 96.

- Jane Doe 11 graduated from MSM in 2010. First Am. Pet. ¶ 29.  Giving all reasonable inferences to Jane Doe 11 and assuming Jane Doe 11 reached the age of 18 no later than 2011, Jane Doe 11 would have had until 2012 to file this action under 12 Okla. Stat. § 96.

- Jane Doe 15 received her G.E.D. sometime after she left MSM in 2006. First Am. Pet. ¶¶ 33, 214.  Giving all reasonable inferences to Jane Doe 15 and assuming Jane Doe 15 reached the age of 18 no later than 2009–2010, Jane Doe 15 would have had until 2011 to file this action under 12 Okla. Stat. § 96.

Here, the Petition was not filed until May 16, 2022—more than one year after Jane Does 3, 5, 8, 10, 11, and 15 reached the age of majority. Accordingly, Jane Does 3, 5, 8, 10, 11, and 15's Title IX claims are time-barred and should be dismissed with prejudice.

## IV.    JANE DOE 3, 4[3], 5, 8, 10, 11, 15 and 16's[4] TORT CLAIMS ARE TIME BARRED

Student and Parent Plaintiffs[5] bring negligence/gross negligence/negligence *per se*[6] claims against MSM, alleging that MSM breached its purported duty to provide a safe and secure educational environment for the Student Plaintiffs. Student Plaintiffs also assert intentional infliction of emotional distress claims against Defendants, alleging they suffered physical and mental injuries from sexual harassment and assault. For the reasons set forth in Section III, *supra*, Jane Does 3, 4, 5, 8, 10, 11, 15, and 16's tort claims are time-barred.

### A.    Negligence/Gross Negligence/Negligence Per Se

"The statute of limitations applicable to an action for negligence is found in 12 O.S. 2011 § 95(A)(3) and it provides that such a claim must be filed two (2) years after the cause of action shall have accrued." *Calvert v. Swinford*, 2016 OK 100, ¶ 6, 382 P.3d 1028, 1031 (footnote omitted); *Lee v. Phillips & Lomax Agency, Inc*., 2000 OK 65, 11 P.3d 632, 634 (two-year statute of limitations under § 95 applicable to negligence). Pursuant to Plaintiffs' own allegations in the First Amended Petition, as set forth in Section III, *supra*, Jane Does 3, 5, 8, 10, 11 and 15's negligence theories are barred by Section 95(A)(3)'s two-year statute of limitations. Likewise, the negligence theories set forth by Jane Does 4 and 16, as the

---

[3] Jane Doe 4 does not bring an intentional infliction of emotional distress claim.
[4] Jane Doe 16 does not bring an intentional infliction of emotional distress claim.
[5] Parent Plaintiffs are defined as Jane Does 2, 4, 7, 13, and 16, and John Does 1 and 2. First Am. Pet. ¶ 6.
[6] Plaintiffs' allegation of negligence per se does not identify any applicable statute and does not allege how any of the Defendants breached the same.

parent or guardian of Jane Does 3 and 15, respectively, are time barred. *See Brown v. Jimerson*, 1993 OK CIV APP 158, 862 P.2d 91, 93 (father's right to recover medical expenses for daughter's injuries was extinguished two years after discovery of injuries—and long before father filed his action).

#### B.     Intentional Infliction of Emotional Distress

The tort of intentional infliction of emotional distress is governed by the two-year statute of limitations set forth in Section 95(A)(3), which applies to "an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated." *Williams v. Lee Way Motor Freight, Inc.*, 1984 OK 64, 688 P.2d 1294, 1297. Pursuant to Plaintiffs' own allegations in the First Amended Petition, as set forth in Section III, *supra*, Jane Does 3, 5, 8, 10, 11 and 15's claims for intentional infliction of emotional distress are barred by Section 95(A)(3)'s two-year statute of limitations. Therefore, these claims should be dismissed.

### V.     THE MSM STUDENT HANDBOOK DOES NOT CREATE A CONTRACT BETWEEN MSM AND A STUDENT AND/OR THEIR PARENTS

Parent and Student Plaintiffs and John Doe 2 claim breach of contract/tortious breach of contract based on an alleged contractual relationship created by the MSM Student Handbook, including Archdiocesan policy stating "it would not tolerate sexual harassment and physical assault and would promptly investigate matters expeditiously and professionally." First Am. Pet. ¶ 237. While the Oklahoma Court of Civil Appeals has acknowledged there is "some authority which suggests that an educational institution's

brochures, policy manuals and other advertisements may form the basis of a legally cognizable contractual relationship between the institution and its students[,]" in order to prevail on a breach of contract claim, a plaintiff must point to "some specific, identifiable agreement for an educational institution's provision of *particular services* to its students and an arguable breach of that specific agreement." *Bittle v. Okla. City Univ.*, 2000 OK CIV APP 66, ¶ 15, 6 P.3d 509, 514.

This is precisely why Plaintiffs' contract claims fail—they cannot identify any specific service that MSM agreed but failed to provide. Instead, Plaintiffs rely solely on broad, policy-driven statements representing MSM's expectations of its staff and students related to sexual harassment, morality, and investigation of reported complaints:

- MSM claims that it "disapproves of and will not tolerate harassment of any kind[,]" including "sexual harassment, creating a hostile environment . . . and physical assault." It states that, "[s]exual harassment encompasses unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature." This prohibition also applies to "electronic communication." First Am. Pet. ¶ 45 (citations omitted).

- MSM represents that it "encourages a sense of moral responsibility out of respect for persons created by a loving God." Further, it claims that "[t]he organizational and educational climate and the supervision provided at the Mount are designed to prevent harassment by raising awareness of the value of the person because of each person's creative origin in God. This is supported by creating a school climate in which students . . . are safe to learn . . . ." First Am. Pet. ¶ 46 (citations omitted).

- MSM states that students "experiencing harassment or unwelcome sexual conduct should report this as soon as possible to the school Administration." It claims that "[t]he Administration will investigate any and all complaints that are reported . . . . [and] will endeavor to handle these matters expeditiously in a professional manner so as to

protect the offended individual." First Am. Pet. ¶ 47 (citations omitted).

- MSM further represents that "[f]ailure to comply with this policy is considered a major violation of Mount Saint Mary's policy, and the Administration will impose disciplinary action it deems appropriate, including counseling, suspension, or dismissal, depending on the severity of the violation." First Am. Pet. ¶ 48 (citations omitted).

Courts have consistently held that these type of declarations and announcements are not contracts. *See Gokool v. Oklahoma City Univ.*, CIV-16-807-R, 2016 WL 10520949, at *4 (W.D. Okla. Dec. 29, 2016), *aff'd, Gokool v. Okla. City Univ.*, 716 F. App'x 815 (10th Cir. 2017)*; Gerald v. Locksley*, 785 F. Supp. 2d 1074, 1142 (D.N.M. 2011) ("Even though the Student Handbook sets out a general framework of policies, we are not persuaded that the language contractually obligates [the University] to conduct any specific type of investigation, to provide support services, or to impose specific discipline."); *Sanchez v. The New Mexican*, 738 P.2d 1321, 1324 (N.M. 1987) (affirming the dismissal of an implied contract claim on grounds that "the handbook lacked specific contractual terms which might evidence the intent to form a contract . . . [insofar as the] language is of a non-promissory nature and merely a declaration of defendant's general approach"); *Goodman v. President & Trustees of Bowdoin Coll.*, 135 F. Supp. 2d 40, 56 (D. Me. 2001) (holding handbook language stating that "[d]iscrimination . . .has no place in an intellectual community . . . [and] [s]uch practices violate both the ideals of the College and its Social Code and are subject to appropriate disciplinary sanctions" does not indicate a contractual obligation by the college to refrain from discrimination). Likewise, private school conduct policies do not constitute a legal offer to protect students from all such behavior. *See Harris*

12

*v. Adler School of Professional Psychology*, 723 N.E.2d 717, 722 (Ill. App. Ct. 1999) (finding a non-discrimination policy was a statement of adherence to existing law and did not constitute an independent contractual obligation).

Here, the policies contained in the MSM Student Handbook do not promise that MSM will take any particular action in any specific circumstance. The MSM Student Handbook contains no language clear enough to lead a reader to believe that MSM agreed to act in any particular way in response to a specific set of circumstances, or that they agreed to enforce violations of the prohibitions contained in the handbook in any particular manner. Accordingly, the MSM Student Handbook does not create an offer sufficient to support a valid contract between the parties. Plaintiffs' breach of contract claims should therefore be dismissed.

## VI.    PLAINTIFFS' TORTIOUS BREACH OF CONTRACT CLAIMS FAIL AS A MATTER OF LAW

Plaintiffs' claims against all Defendants, including MSM, for tortious breach of contract should be dismissed as a matter of law. Oklahoma courts recognize tortious breach of contract only in limited circumstances, such as in the context of certain special relationships or in situations involving "[g]ross recklessness or wanton negligence on behalf of a party to the contract[.]" *Rodgers v. Tecumseh Bank*, 756 P.2d 1223, 1227 (Okla. 1988). "The 'special relationship' that gives rise to tort liability for bad faith is marked by (1) a disparity in bargaining power where the weaker party has no choice of terms, also called an adhesion contract, and (2) the elimination of risk." *Embry v. Innovative Aftermarket Sys., L.P.*, 247 P.3d 1158, 1160 (Okla. 2010).

13

The First Amended Petition's factual averments, taken as true, show that the MSM Student Handbook was neither an adhesion contract nor created a special relationship between the parties as required to extend the tort of bad faith beyond the insurance context. Moreover, even construing the allegations in Plaintiffs' favor, the First Amended Petition is devoid of any supporting factual content that shows that MSM acted recklessly or in wanton disregard of Plaintiffs' rights. *See* Section V, *supra*. Plaintiffs have only alleged in conclusory terms that MSM "acted with gross recklessness or wanton negligence when they breached the contracts with Plaintiffs." First Am. Pet. ¶ 241. The Court should disregard such conclusory allegations. *See Talley v. Time, Inc.*, No. CIV-14-853-D, 2015 WL 574716, at *6 (W.D. Okla. Feb. 11, 2015) (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)) (when determining sufficiency of complaint under Rule 12(b)(6), court should disregard conclusory allegations that defendants acted "knowingly," "intentionally" or "purposely"); *Back v. ConocoPhillips Co.*, No. CIV-12-0261 JB/WDS, 2012 WL 6846397 *25 (D.N.M. Aug. 31, 2012) (allegation that defendant acted with "malicious intent" is legal conclusion and without supporting facts is insufficient to state a claim). The duty allegedly breached arose solely from the MSM Student Handbook, and in the absence of an independent basis to support tortious wrongdoing, like a special relationship or reckless or wanton conduct, Plaintiffs' tortious breach of contract claim should be dismissed.

## VII.   PARENT PLAINTIFFS CANNOT RECOVER FOR LOSS OF FILIAL (CHILD) CONSORTIUM

The categories of damages Parent Plaintiffs can recover as individuals in this action are limited. The Oklahoma Uniform Jury Instruction (OUJI) 4.3 provides the categories of damages a parent may recover for the injury to a minor child:

> A. The reasonable expenses of the necessary medical care, treatments and services Parent Plaintiffs have incurred on behalf of the Student Plaintiff or will incur in the future from now until Student Plaintiff reaches the age of eighteen years;
>
> B. Any loss of past earnings of Student Plaintiff;
>
> C. Any future loss of earnings or impairment of earning capacity of Student Plaintiffs from now until he or she reaches the age of eighteen years;
>
> D. Any loss of past household and similar services which Student Plaintiffs would have given Parent Plaintiffs;
>
> E. Any loss of household and similar services which Student Plaintiffs would have given Plaintiff Parents between now and the time Student Plaintiffs reach the age of eighteen years.

OUJI 4.3 (citing *Boyett v. Airline Lumber Co.*, 277 P.2d 767, 679-80 (Okla. 1954)).

Parent Plaintiffs seek to recover monetary damages for loss of filial consortium. Oklahoma does not allow a parent to recover for loss of filial consortium due to injury to a minor child. "Loss of consortium damages are based on the recognition of a legally protected interest in the personal relationship." *Boucher v. Dixie Med. Center*, 850 P.2d 1179, 1184 (10th Cir. 1992). Oklahoma, like most jurisdictions, generally prohibits the recovery of damages by anyone other than a plaintiff who has been physically injured. This prohibition includes parents and the damages they may recover for an injury to their minor

child. *See Maple v. Bryce*, 434 P.2d 214 (Okla. 1967); *Shull v. Reid*, 258 P.3d 521, 525 (Okla. 2011) ("Loss of consortium is not allowable in [negligence cases] as Oklahoma law does not provide for this type of damage in the instant matter."). Accordingly, Parent Plaintiffs cannot recover for loss of filial consortium because Oklahoma does not provide such a claim to the parent of an injured minor child, where those injuries were not fatal. *Cf.* 12 Okla. Stat. § 1053 (wrongful death statute expressly permits recovery for the "loss of companionship of the children and parents of the decedent")

## VIII.   PLAINTIFFS' CLAIMS FOR PUBLIC NUISANCE FAIL

Plaintiffs also allege Defendants "condoned, endorsed, encouraged, participated, committed, and chose not to stop, unlawful acts of sexual assault that infected the MSM community, creating a rape culture that constitutes a dangerous environment and causing a collective communal harm." First Am. Pet. ¶ 276. Such actions, according to Plaintiffs, created a public nuisance. Oklahoma's nuisance statute defines a nuisance as "unlawfully doing an act, or omitting to perform a duty" that "[a]nnoys, injures, or endangers the comfort, repose, health, or safety of others." 50 Okla. Stat. § 1. That definition incorporates "the common law's private and public nuisance concepts." *Nichols v. Mid-Continent Pipe Line Co.,* 1996 OK 118, ¶ 8, 933 P.2d 272, 276; *see Ex parte Draughn,* 1933 OK CR 118, 26 P.2d 437,438 ("This is a definition of nuisance as at the common law.").

In construing 50 Okla. Stat. § 1, the Oklahoma Supreme Court has explained that a nuisance is "an unreasonable, unwarranted, or unlawful use by a person or entity *of property* lawfully possessed, but which works an obstruction or injury to the right of

16

another." *Morain v. City of Norman,* 1993 OK 149, ¶ 14, 863 P.2d 1246, 1250 (emphasis added) (quoting *Briscoe v. Harper Oil Co.,* 1985 OK 43, ¶ 9, 702 P.2d 33, 36); *see Nichols,* 1996 OK 118, ¶ 8, 933 P.2d at 276 (nuisance is "a field of tort-like liability which allows recovery of damages for wrongful interference with the use or enjoyment of ***rights or interests in land"*** (emphasis added)). That definition applies to public and private nuisances alike. *See Morain,* 1993 OK 149, ¶¶ 12–14, 863 P.2d at 1249–50.

The Court has never deviated from this limited understanding of unlawful acts. It has found nuisance liability only for acts or omissions traditionally recognized as nuisances, such as overgrown hedges, loud and polluting factories, the dumping of untreated sewage, and road obstructions. *See*, *e.g.*, *Updegrajf v. City of Norman,* 1955 OK 195, ¶ 16, 287 P.2d 909, 912; *Epps v. Ellison,* 1921 OK 279, ¶ 1, 200 P. 160, 160; *Oklahoma City v. West,* 1931 OK 693, ¶ 5, 7 P.2d 888, 890; *State ex rel. King v. Friar,* 1933 OK 501, ¶ 13, 25 P.2d 620, 622. The Oklahoma Supreme Court has recently declined to expand the concept of public nuisance beyond property use. *See State ex rel. Hunter v. Johnson & Johnson*, 2021 OK 54, 499 P.3d 719 (declining to expand nuisance liability to the alleged over-prescription of opioid medications).  "A public nuisance involves a violation of a public right . . . . a public right is a right to a public good, such as an indivisible resource shared by the public at large, like air, water, or public rights-of-way." *Id*. at ¶ 24 (quotations omitted).

Here, Plaintiffs' allegations do not fit within Oklahoma nuisance statutes as construed by the Oklahoma Supreme Court: the nuisance statutes apply to unlawful conduct that annoys, injures, or endangers the comfort, repose, health, or safety of others.

17

But that conduct has to be criminal or a property-based conflict. *See State ex rel. Hunter v. Johnson & Johnson*, 2021 OK 54, ¶ 16, 499 P.3d 719, 724. Plaintiffs' allegations do not demonstrate how Defendants' lawful use of MSM property works as an obstruction or injury to a public right. Plaintiffs further fail to demonstrate how Defendants' actions wrongfully interfered with Plaintiffs' use or enjoyment of *rights or interests in land.* Accordingly, Plaintiffs' claims for public nuisance fail as a matter of law and should be dismissed with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants, Mount Saint Mary High School Corporation of the State of Oklahoma and The Board of Trustees of Mount Saint Mary High School request this Court dismiss Plaintiffs' First Amended Petition with prejudice, and for any other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Michael R. Perri*

Michael R. Perri, OBA No. 11954
Socorro Adams Dooley, OBA No. 32716
**PERRI DUNN, PLLC**
100 N. Broadway, Suite 3280
Oklahoma City, OK 73102
Telephone: (405) 724-8539
mrperri@perridunn.com
sadooley@perridunn.com
*Attorneys for Defendants Mount Saint Mary High School of the State of Oklahoma and The Board of Trustees of Mount Saint Mary High School*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 28, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

_/s/ Michael R. Perri_
Michael R. Perri