**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. JANE DOES 1-13, and 15-17; | ) | |
| 2. JOHN DOE 1; and | ) | |
| 3. JOHN DOE 2, Individually, and as | ) | |
| Parent and Next of Friend of Jane Doe | ) | |
| 14; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 5:22-cv-00992-J |
| | ) | |
| 1. MOUNT SAINT MARY HIGH | ) | |
| SCHOOL CORPORATION OF THE | ) | |
| STATE OF OKLAHOMA, an | ) | |
| Oklahoma Corporation; | ) | |
| 2. THE BOARD OF TRUSTEES OF | ) | |
| MOUNTY SAINT MARY HIGH | ) | |
| SCHOOL, an unincorporated | ) | |
| associate; | ) | |
| 3. ROMAN CATHOLIC | ) | |
| ARCHDIOCESE OF OKLAHOMA | ) | |
| CITY, an unincorporated association; | ) | |
| and | ) | |
| 4. SISTERS OF MERCY OF THE | ) | |
| AMERICAS SOUTH CENTRAL | ) | |
| COMMUNITY, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SISTERS OF MERCY OF THE**
**AMERICAS SOUTH CENTRAL COMMUNITY, INC.'S**
**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED PETITION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Sisters

of Mercy of the Americas South Central Community Inc. ("Sisters of Mercy") respectfully

moves this Court to dismiss Plaintiffs' First Amended Petition (the "Petition"). In support

of this motion, Sisters of Mercy submits the following brief in support.

## BRIEF IN SUPPORT

## INTRODUCTION

As a preliminary matter, Sisters of Mercy hereby adopts and incorporates by reference the arguments made and the authorities contained in (1) Defendants Mount Saint Mary High School Corporation of the State of Oklahoma and the Board of Trustees of Mount Saint Mary High School's (collectively the "MSM Defendants"), and (2) Defendant Roman Catholic Archdiocese of Oklahoma City's (the "Archdiocese") Motions to Dismiss, filed contemporaneously on November 28, 2022.

Plaintiffs' Petition alleges the following causes of action against each of the Defendants: Breach of Contract/Tortious Breach of Contract (Count 1); Negligence/Gross Negligence/Negligence Per Se (Count 2); Intentional Infliction of Emotional Distress (Count 3); Discrimination and Hostile Educational Environment Harassment Under Title IX (Count 4); Public Nuisance, 50 O.S. § 2 (Count 5); and Loss of Child's Consortium (Count 7)[1]. Each of these claims fail as a matter of law. Sisters of Mercy is a separate and distinct legal entity which is not responsible for the conduct of Mount Saint Mary Corporation. Plaintiffs' Petition fails to assert factual allegations which show any independent conduct by Sisters of Mercy sufficient to support a claim for relief (whether based in contract or tort). Plaintiffs' speculative and conclusory claims are wholly insufficient to sustain a claim for relief against Sisters of Mercy.

---

[1] Plaintiff Jane Doe 9 asserts a claim for Slander (Count 6) against Defendant MSM only. Because this cause of action is not asserted against Sisters of Mercy, it is not addressed in this Motion.

For these reasons and the reasons discussed below, including the reasons asserted by the MSM Defendants and the Archdiocese, Sisters of Mercy respectfully requests that this Court issue an Order dismissing Plaintiffs' Petition in its entirety, with prejudice.

## ARGUMENTS AND AUTHORITIES

I.    **PLAINTIFFS HAVE FAILED TO PLEAD ANY SET OF FACTS AGAINST SISTERS OF MERCY SUFFICIENT TO JUSTIFY DISREGARDING MOUNT SAINT MARY'S CORPORATE STRUCTURE**

Sisters of Mercy is a corporation which is separate and distinct legal entity from Mount Saint Mary High School Corporation. Plaintiffs Petition does not offer any viable explanation as to how Sisters of Mercy could be held responsible for the alleged acts of another corporation – Mount Saint Mary. It is well settled under Oklahoma law that "a corporation is regarded as a legal entity, separate and distinct from the individuals comprising it." *Fanning v. Brown*, 2004 OK 7, ¶ 16, 85 P.3d 841, 846. Assuming, as Plaintiffs appear to allege, that Sisters of Mercy is somehow related to Mount Saint Mary, an Oklahoma corporation, it is protected from liability by the corporate structure. The assessment of liability as to Sisters of Mercy would require this Court to disregard the corporate entity of Mount Saint Mary, and allow Plaintiffs to 'pierce the corporate veil.'

In order to reduce duplicative arguments by Defendants in this matter, Sisters of Mercy hereby adopts and incorporates the arguments and authorities set forth in Section I of the Archdiocese's Motion to Dismiss regarding vicarious liability, piercing of the corporate veil, and the district court's dismissal of Case No. CJ-2011-8417 (the "F.N.S. case") in which Sisters of Mercy was also a named defendant. Like the Archdiocese, Sisters of Mercy is a corporate entity which is distinct from Mount Saint Mary. As such, Plaintiffs

cannot hold Sisters of Mercy liable for the conduct of Mount Saint Mary. "Corporations are distinct legal entities, and generally one corporation will not be held responsible for the acts of another." *Gilbert v. Security Finance Corp.*, 2006 OK 58, ¶ 22, 152 P.3d 165, 175. Here, Plaintiffs' Petition is void of any allegations seeking to pierce the corporate veil and is therefore legally insufficient to state a claim against Sisters of Mercy upon which relief can be granted.

## II. PLAINTIFFS' CLAIMS AGAINST SISTERS OF MERCY FAIL AS A MATTER OF LAW

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Doe v. Woodard*, 912 F.3d 1278, 1299 (10th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "court accepts as true all well-pleaded factual allegations in a complaint and views those allegations in the light most favorable to the plaintiff." *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1287 (10th Cir. 2018) (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)). However, "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' are not sufficient to state a claim for relief." *Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017) (quoting *Ashcroft*, 556 U.S. at 678). "Employers may raise failure to

exhaust in a Rule 12(b)(6) "motion to dismiss when the grounds for the defense appear on the face of the complaint." *Barron*, 2020 WL 1676719, at *3.

In the event that the Court allows Plaintiffs to pierce the corporate veil and assert any remaining causes of action which are not time-barred against Sisters of Mercy, those claims must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 8(a)(2). Under this standard, which is further outlined in Section II of the Archdiocese's Motion to Dismiss, Plaintiffs fail to state an actionable claim against Sisters of Mercy. As such, Plaintiffs' Petition should therefore be dismissed with prejudice.

### A.    Plaintiffs' Breach of Contract Claims Fail as a Matter of Law Because There is No Valid Contract Between Plaintiffs and Sisters of Mercy.[2]

With regard to Plaintiffs' breach of contract claims, Sisters of Mercy adopts and incorporates Section V of the MSM Defendants' Motion to Dismiss and Section III of the Archdiocese's Motion to Dismiss. It is clear from these arguments that (1) neither the Mount Saint Mary Student Handbook or the Archdiocese of Oklahoma City Amended and Restated Code of Conduct constitute a legally enforceable contract between the Plaintiffs and Sisters of Mercy, (2) there is no privity between Plaintiffs and Sisters of Mercy, (3) even if Plaintiffs had an enforceable contract with MSM, Sisters of Mercy was not a party to such contract, and (4) even if, for the sake of argument, Plaintiffs could prove the existence of a contract with Sisters of Mercy, there was no breach by Sisters of Mercy which was sufficiently alleged. For these reasons, and the reasons set forth in the other

---

[2] This Section refers to the breach of contract claims asserted by Jane Does 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 17, and John Does 1 and 2 (individually and on behalf of Jane Doe 14).

Defendants' motions, Plaintiffs' breach of contract claims against Sisters of Mercy must be dismissed.

**B.      There Is No Contract or Special Relationship to Which Sisters of Mercy Could Have Tortiously Interfered.[3]**

With regard to Plaintiffs' tortious breach of contract claims, Sisters of Mercy adopts and incorporates Section VI of the MSM Defendants' Motion to Dismiss. To the extent that these claims are recognized as a viable separate cause of action under Oklahoma law, they should be dismissed. Here, Plaintiffs allege that Sisters of Mercy "allowed MSM to breach its contracts with the Plaintiffs, or participated in the breach, or alternatively, on information and belief, [was] responsible for supervising MSM in its performance under the contracts but failed to appropriately do so." First Am. Pet. ¶ 240.

First, "there can be no tortious breach of contract when the relationship with which the defendant purportedly interfered is not a contract." *UMB Bank N.A.*, 2021 WL 4712634, at *3 (citing *Wilspec Technologies, Inc. v. Dunan Holding Group*, 204 P.3d 69, 71-72 (Okla. 2009)). As explained in the Section above, there was no valid contract formed between Plaintiffs and any Defendant on the basis of the MSM Student Handbook. Without proof of existence of a contract, this cause of action wholly fails. In addition, these conclusory allegations against Sisters of Mercy do not establish facts showing what Sisters of Mercy, specifically, did or should have done to prevent the alleged breach of contract between MSM and Plaintiffs. The Petition is devoid of any factual basis to support the

_____

[3] This Section refers to the tortious breach of contract claims asserted by Jane Does 1, 2, 6, 7, 9, 12, 13, 17 and John Does 1 and 2 (individually and on behalf of Jane Doe 14).

illusory claims of tortious breach of contract against Sisters of Mercy. As such, those claims should be dismissed as a matter of law.

      **C.**      **Plaintiffs' Claims of Negligence Fail As a Matter of Law Because Sisters of Mercy Did Not Owe a Duty to Plaintiffs.[4]**

To succeed on a claim of negligence, the plaintiff must prove a duty existed and that the defendant breached that duty. *Brewer v. Murray*, 2012 OK CIV APP 109, ¶ 9, 292 P.3d 41. In a negligence case, "the duty is always the same, to conform to the legal standard of conduct in the light of the apparent risk." *Id.* at ¶ 10. To determine whether a duty exists, it must be asked "whether the plaintiff's interests are entitled to legal protection against the defendant's conduct. *Id.*

Here, Plaintiffs' negligence claim is based on Plaintiffs' belief that Sisters of Mercy was responsible for supervising MSM, and ensuring that certain policies were implemented and/or enforced by MSM. Like many of the other causes of action asserted against Sisters of Mercy in this action, Plaintiffs do not provide a factual or legal basis for these claims. Sisters of Mercy cannot be held vicariously liable for the alleged actions of Mount Saint Mary, which is a separate legal entity. Plaintiffs have not pled any set of facts or legally cognizable theory to hold Sisters of Mercy specifically liable. Sisters of Mercy owed no duty to Plaintiffs. Absent a showing of such a duty, Plaintiffs' allegations of negligence fail.

---

[4] This Section refers to the claims of negligence, gross negligence, and negligence *per se* asserted by Jane Does 1, 2, 6, 7, 9, 12, 13, 17 and John Does 1 and 2 (individually and on behalf of Jane Doe 14).

In addition, Plaintiffs' Petition further alleges that Defendants' actions were in violation of applicable Oklahoma criminal law, and that they are therefore liable under a theory of negligence *per se*. Plaintiffs' allegations of negligence *per se* do not identify an applicable statute and do not allege how any of the Defendants breached said statute. Therefore, any claims for negligence *per se* should also be dismissed.

To the extent that Plaintiffs attempt to assert "gross negligence" as an independent cause of action, those claims should also be dismissed. Gross negligence is not a cognizable cause of action under Oklahoma law. *See* 23 O.S. § 9.1; *Barnes v. Winona Oil Co.,* 1921 OK 159, ¶ 16, 200 P. 985. Gross negligence is simply one of the three recognized degrees of negligence. Plaintiffs cannot assert gross negligence as an independent cause of action under Oklahoma law and any assertions based on this type of "claim" should be dismissed.

**D.**   **Plaintiffs' Allegations, Accepted as True, Do Not Sufficiently State a Claim for Intentional Infliction of Emotional Distress Against Sisters of Mercy.[5]**

To recover damages for intentional infliction of emotional distress ("IIED"), a plaintiff must prove: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Hines v. Allbaugh*, 2018 WL 3437084, at *5 (W.D. Okla. July 17, 2018) (citing *Starr v. Pearle Vision, Inc.*,

---

[5] This Section refers to the intentional infliction of emotional distress claims asserted by Jane Does 1, 6, 9, 12, 17 and John Doe 2 (on behalf of Jane Doe 14).

54 F.3d 1548, 1558 (10th Cir. 1995) (applying Oklahoma law)). Plaintiffs have failed to establish the existence of any of these elements.

As similarly noted by the Archdiocese in its motion, Plaintiffs' IIED claims do not even mention Sisters of Mercy at all. Instead, Plaintiffs assert mere legal conclusions, simply reciting the elements of a claim for IIED without any factual basis. Because Plaintiffs have failed to allege specific facts pertinent to conduct caused by Sisters of Mercy, Plaintiffs' IIED claims should be dismissed.

### E.   Plaintiffs' Petition is Devoid of Any Factual Allegations to Support Plaintiffs' Title IX Claims Against Sisters of Mercy.[6]

As a threshold matter, Plaintiffs' Title IX claims must fail if the alleged sexual harassment or assault occurred outside of an educational institution's 'program or activity.' Title IX is triggered only when harassment occurs within an 'education program or activity' of the funding recipient. *See* 20 U.S.C. § 1681(a). Here, it is unclear whether the alleged misconduct giving rise to the Title IX claims asserted by Jane Does 6, 9, and John Doe 2 (on behalf of Jane Doe 14) occurred within the confines of school grounds, during school hours, and/or in the context of any school program or activity. If the alleged conduct does not meet this criteria, the Title IX claims of those Plaintiffs cannot succeed.

In addition to the above inquiry, when assessing a Title IX claim, courts look to whether the educational institution retained "substantial control over *both* the harasser *and* the context in which the known harassment occurs." *Davis v. Monroe Cnty. Bd. of Educ.*,

---

[6] This Section refers to the Title IX claims asserted by Jane Does 1, 6, 9, 12, 17 and John Doe 2 (on behalf of Jane Doe 14).

526 U.S. 629, 630 (1999) (emphasis added). In a recent opinion, the United States District

Court, District of Kansas interpreted this standard of liability for an education facility under

a Title IX discrimination claim, stating in part:

> To avoid liability under Title IX, a school need "merely respond to known peer harassment in a manner that is not clearly unreasonable." This standard requires more than negligence. The school is liable under Title IX only if it is deliberately indifferent to acts of harassment of which it has actual knowledge, "a high hurdle [which] does not dictate any specific manner of dealing with peer harassment." Further, liability under Title IX is limited "to circumstances where[ ] the [school] exercises substantial control over both the harasser and the context in which the known harassment occurs."

*Horocofska v. City of Lawrence*, 2022 WL 1421554, at *12 (D. Kan. May 5, 2022) (internal

citations omitted).

Here, Plaintiffs claim that Sisters of Mercy was, *upon Plaintiffs' information and belief*, aware of the alleged abuses occurring but did nothing to supervise MSM's Title IX violations. As outlined in the Archdiocese's Motion to Dismiss, Plaintiffs' "information and belief" is nothing more than speculation. Vague and conclusory assertions are wholly insufficient to sustain a claim for relief against Sisters of Mercy. Thus, to the extent they are asserted against Sisters of Mercy, Plaintiffs' Title IX claims must be dismissed.

**F.    Plaintiffs Have Failed to Plead an Actionable Claim for Public Nuisance Under Oklahoma Law.[7]**

With respect to Plaintiffs' public nuisance claims, Sisters of Mercy incorporates and adopts the arguments contained in Section VIII of the MSM Defendants' Motion to

---

[7] This Section refers to the public nuisance claims asserted by Jane Does 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 12, 13, 15, 16, and 17 and John Does 1 and 2 (individually and on behalf of Jane Doe 14).

Dismiss and Section V of the Archdiocese's Motion to Dismiss. These motions outline the reasons why this cause of action should be dismissed. In the interest of brevity, Sisters of Mercy will not restate these reasons herein.

### G.   Oklahoma Law Does Not Allow Plaintiffs to Recover For Loss of Filial Consortium Due to An Injury to a Minor Child.[8]

As stated in Section VII of the MSM Defendants' Motion to Dismiss, which is adopted herein, loss of child consortium is not a legally recognizable claim under Oklahoma law where the alleged injuries to the minor child are not fatal. Oklahoma law does not allow plaintiffs to seek monetary damages based on emotional pain and suffering due to an injury to their minor child except in limited circumstances which are outlined in Oklahoma Uniform Jury Instruction (OUJI) 4.3. Even assuming, for the sake of argument, that the Parent Plaintiffs were able to recover for loss of child consortium, those damages would be limited to those specific categories and time parameters outlined in OUJI 4.3 – none of which are applicable to this case.

Here, Plaintiffs claims for loss of consortium contain only basic legal conclusions that are devoid of a single factual allegation against Sisters of Mercy with regard to an injury caused by the conduct of Sisters of Mercy. Therefore, Plaintiffs' fail to state a claim on the basis of loss of child consortium upon which relief can be granted as a matter of law.

---

[8] This Section refers to the loss of child's consortium claims asserted by Jane Does 2, 4, 7, 13, 16 and John Does 1 and 2 (individually).

III.   **MANY OF PLAINTIFFS' CLAIMS ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

When adjudicating a state law claim, federal courts must apply the state's statutes of limitations. *See Settle v. Fluker*, 978 F.2d 1063. 1064 (8th Cir. 1992); *see also Reid v. Madison*, 455 F.Supp. 1065, 1068 (D.C. Va. 1978). Thus, Oklahoma state law sets forth the applicable statutes of limitations for Plaintiffs' claims. For the reasons set forth below (and for those asserted in Section IV of the Archdiocese's Motion to Dismiss, which is incorporated herein), the following claims asserted by Plaintiffs are time-barred.

A.   **Jane Does 11, 15, and 16's Breach of Contract Claims**

To the extent that any contract existed between Sisters of Mercy and Jane Doe 11, 15, or 16 – which is expressly denied – any claims for breach of such contract are barred by the applicable statute of limitations. Under Oklahoma law, Jane Doe 11, 15, and 16's claims for breach of contract are subject to a five-year statute of limitations. 12 O.S. § 95(A)(1). Jane Doe 11's claims allegedly occurred in 2009. First Am. Pet. ¶¶ 181-184. Thus, Jane Doe 11's breach of contract claim is barred by the applicable statute of limitations, which expired in 2014. Similarly, Jane Doe 15's claims allegedly occurred in the fall of 2005 or spring of 2006. First Am. Pet. ¶¶ 202-216. Thus, Jane Doe 15's breach of contract claim is barred by the statute of limitations, which expired in 2011. Accordingly, the breach of contract claim set forth by Jane Doe 16, as the parent or guardian of Jane Doe 15, is also time barred.

**B.      Jane Does 3, 4, 5, 8, 10, 11, 15, and 16's Tortious Breach of Contract Claims**

Sisters of Mercy hereby adopts and incorporates by reference the arguments made and the authorities contained in Section VI of MSM Defendants' Motion to Dismiss regarding the viability of a claim for tortious breach of contract under Oklahoma law. To the extent that this claim is recognized as a separate cause of action under Oklahoma law, such claims asserted by Jane Does 3, 4, 5, 8, 10, 11, 15, and 16 are time-barred. "The statute of limitations for a tortious interference with contract claim is two (2) years." *UMB Bank N.A. v. Asbury Communities, Inc.*, 2021 WL 4712634, at \*3 (N.D. Okla. Oct. 8, 2021) (citing 12 Okla. Stat. § 95); see also *Metro Oil Co., Inc. v. Sun Refining & Marketing Co.*, 936 F.2d 501, 504 (10th Cir. 1991).

For the same reasons outlined in Sections III and IV of the MSM Defendants' Motion to Dismiss, Jane Does 3, 4, 5, 8, 10, 11, 15, and 16 claims for tortious breach of contract against Sisters of Mercy should be dismissed. Each of these Plaintiffs reached the age of majority more than one year before the Petition was filed, on May 16, 2022. Accordingly, Jane Does 3, 4, 5, 8, 10, 11, 15, and 16's tortious breach of contract claims should be dismissed based on the applicable statute of limitations.

**C.      Jane Does 3, 4, 5, 8, 10, 11, 15, and 16's Negligence-Based Claims**

For the same reasons outlined in Section IV(A) of the MSM Defendants' Motion to Dismiss, Jane Does 3, 4, 5, 8, 10, 11, 15, and 16 claims of negligence and negligence *per se* against Sisters of Mercy are time-barred by the applicable two-year statute of limitations. 12 O.S. § 95(A)(3).

To the extent that these Plaintiffs attempt to assert "gross negligence" as an independent cause of action, those claims should also be dismissed. Gross negligence is not a cognizable cause of action under Oklahoma law. *See* 23 O.S. § 9.1; *Barnes v. Winona Oil Co.,* 1921 OK 159, ¶ 16, 200 P. 985. Gross negligence is simply one of the three recognized degrees of negligence. Plaintiffs cannot assert gross negligence as an independent cause of action under Oklahoma law and any assertions based on this type of "claim" should be dismissed.

To the extent that these Plaintiffs attempt to assert gross negligence as a separate cause of action, those claims should be dismissed for the same reasons stated above. *See* Section II(C), *supra*.

**D.     Jane Does 3, 5, 8, 10, 11, and 15's Intentional Infliction of Emotional Distress Claims**

For the same reasons set forth in Section IV(B) of the MSM Defendants' Motion to Dismiss, Jane Does 3, 5, 8, 10, 11, and 15's claims of intentional infliction of emotional distress against Sisters of Mercy are barred by the applicable two-year statute of limitations. 12 O.S. § 95(A)(3).

**E.     Jane Does 3, 5, 8, 10, 11, and 15's Title IX Claims**

For the same reasons set forth in Section III of MSM Defendants' Motion to Dismiss, Jane Does 3, 5, 8, 10, 11, and 15's claims of discrimination and hostile educational environment harassment under Title IX against Sisters of Mercy are barred by the applicable statute of limitations.

## <u>CONCLUSION</u>

For the reasons set forth above, along with the arguments contained in the Motions of the Archdiocese and the MSM Defendants, Sisters of Mercy respectfully requests that this Court enter an Order granting its Motion to Dismiss and award all other proper relief to which this Court deems just and proper.

Respectfully submitted,

*/s/ Amy Sherry Fischer*
Amy Sherry Fischer-OBA# 16651
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 232-4633
Fax:  (405) 232-3462
amyfischer@oklahomacounsel.com

**ATTORNEYS FOR DEFENDANT
SISTERS OF MERCY OF THE
AMERICAS SOUTH CENTRAL
COMMUNITY, INC.**

## CERTIFICATE OF SERVICE

[X] I hereby certify that on this 28th day of November, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Rachel Bussett
Ashley Weyland
Bussett Legal Group, PLLC
2201 N. Classen Blvd.
Oklahoma City, OK 73106
Telephone:  405-605-8073
Facsimile:  405-212-9112
rachel@bussettlegal.com
ashley@bussettlegal.com
*Attorneys for Plaintiffs*

Michael R. Perri
Socorro Adams Dooley
Perri Dunn, PLLC
100 N. Broadway, Suite 3280
Oklahoma City, OK 73102
Telephone: (405) 724-8539
mrperri@perridunn.com
sadooley@perridunn.com
*Attorneys for Defendants*
*Mount Saint Mary High School of the State of*
*Oklahoma and The Board of Trustees of*
*Mount Saint Mary High School*

Amy M. Stripe
Gerard M. D;Emilio
GableGotwals
BOK Park Plaza
499 West Sheridan Ave., Suite 2200
Oklahoma City, OK 73102
Telephone:  405-235-5512
astripe@gablelaw.com
gdemilio@gablelaw.com
*Attorneys for Defendant*
*Roman Catholic Archdiocese of*
*Oklahoma City*

*/s/ Amy Sherry Fischer*
Amy Sherry Fischer