UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANE DOES 1, et al., | ) |
| | ) |
|         Plaintiffs, | ) |
| | ) |
| v. | )    No. CIV-22-992-R |
| | ) |
| MOUNT SAINT MARY HIGH SCHOOL | ) |
| CORPORATION OF THE STATE OF | ) |
| OKLAHOMA, an Oklahoma corporation; | ) |
| et al., | ) |
| | ) |
|         Defendants | ) |

**ORDER**

This order addresses four motions pending before the Court: the Roman Catholic Archdiocese of Oklahoma City's Motion to Compel [Doc. No. 114, 116, 122], Mount Saint Mary High School Corporation's Motion to Compel [Doc. No. 113, 116, 121], Plaintiff's Motion for Referral to United States Magistrate Judge and/or Protective Order [Doc. No. 117, 118, 126, 130], and Plaintiff's Motion for Leave to File Amended Combined Response [Doc. No. 128].[1]

Ten student Plaintiffs and six parent Plaintiffs filed this action against Mount Saint Mary High School, the Roman Catholic Archdiocese of Oklahoma City, and the Sisters of Mercy. They allege that the student Plaintiffs were sexually harassed or assaulted while

---

[1] In the interests of resolving the pending motions in an efficient manner, the Court has entered this order before the completion of the briefing cycle for the Motion for Leave to File Amended Combined Response. If Defendants feel that additional responsive argument is necessary, they may submit a written response to the motion and the Court will consider whether any additional relief or dispositive rulings are warranted.

1

attending MSM, which is allegedly sponsored, owned, or operated by the Archdiocese and Sisters of Mercy.[2] The precise claims that are still pending vary somewhat by Plaintiff, but include claims for breach of contract, negligence, intentional infliction of emotional distress, and violations of Title IX.

The Federal Rules of Civil Procedure provide Defendants with a way to obtain information from Plaintiffs about these very serious allegations. Namely, the Rules require Plaintiffs, as they do all litigants, to provide the other party with basic information about persons likely to have discoverable information, documents it may use to support its claims or defenses, a computation of each category of damages it is claiming, and any pertinent insurance policies. Fed. R. Civ. P. 26(a)(1). The Rules also allow a party to serve interrogatories, requests for production, and requests for admission to the opposing party. Fed. R. Civ. P. 33, 34, 36. The Rules additionally require litigants to supplement their responses when warranted and to sit for a deposition. Fed. R. Civ. P. 26(e), 30.

Defendants have attempted to make use of these tools by serving separate sets of written discovery requests on individual Plaintiffs and noticing them for depositions. Plaintiffs responded to the discovery requests propounded by the Sisters of Mercy, but have not provided responses to the interrogatories and requests for production propounded by the Archdiocese or MSM. Contrary to Plaintiffs' characterization, there is nothing

---

[2] Plaintiffs' brief in response [Doc. No. 116] states that Defendants' "lawyers continue the abuse via discovery." This personal attack on Defendants' counsel is unwarranted and inappropriate.

"abusive" about this discovery conduct. Serving discovery requests is a standard, and indeed necessary, part of litigating a lawsuit.

Plaintiffs' primary objection to the discovery is that Defendants have sent requests that are duplicative of requests sent by a co-defendant. Assuming that is the case, the Court fails to see how it places an undue or disproportionate burden on Plaintiffs. Plaintiffs can simply cross-reference their responses or duplicate their answers. Defendants' requests seek information about people who may have knowledge about Plaintiffs' claims, information about damages, and communications related to the incidents underlying the lawsuit. These are standard topics in discovery and Plaintiffs concede that "[t]he information Defendants seek is unquestionably relevant and important." *See* Doc. No. 118 at p. 20. Although there may be situations where it is appropriate to treat nominally separate defendants as a single party for purposes of discovery, *see* 8B Federal Practice and Procedure § 2168.1 (3d ed.), the Court does not find Plaintiffs' complaints about the duplicative or disproportionate nature of the discovery requests persuasive in this case. Plaintiffs' have failed to respond to the discovery requests and an order compelling their responses is therefore warranted. Fed. R. Civ. P. 37.

Unfortunately, that is not the end of the matter. The Court is loath to have to enter an order such as this, but feels that it necessary. First, the Court is concerned by the suggestion that Plaintiffs' two attorneys are making conflicting representations to opposing counsel. MSM contends that Plaintiffs served their responses to MSM's requests for admission via mail and over two weeks late, rather than by electronic means as the parties had previously agreed. In response, Plaintiffs' state that one of their lawyers agreed to

3

electronic service and the other lawyer did not agree to electronic service. To the extent Plaintiffs are suggesting that their own attorneys can make opposing representations, they are mistaken. Defendants (and the Court) must be able to rely on the representations of counsel without having to guess as to whether co-counsel will subsequently disavow the representation.

Second, Plaintiffs' filed their response brief after the briefing deadline passed with nary a word to the Court until Defendants complained. When a party cannot meet a deadline, the proper procedure is to inform opposing counsel and then file a motion, preferably one that is unopposed, seeking an extension of time. The Court is almost always willing to accommodate such requests. In the event an emergency or other circumstance prevents a party from meeting a deadline or filing a motion for extension, the party should file a motion requesting permission to file a brief out of time. Again, the Court is almost always willing to accommodate such requests when the circumstances warrant relief. Plaintiffs did not follow these basic procedures and simply filed their brief late.

After Defendants' reply briefs noted the late filing, Plaintiffs filed their Motion for Leave to File Amended Combined Response. The motion requested, among other things, permission to file their response to the Motions to Compel out of time. The motion avers that both of Plaintiffs' attorneys experienced serious health or personal issues near the filing deadline. Given that the health issues were sudden and unexpected, the delay in filing was not significant, and there is no discernable prejudice to Defendants, the Court finds that Plaintiffs have met their burden of showing excusable neglect. *See* Fed. R. Civ. P.

6(b)(1)(B); *Perez v. El Tequila*, LLC, 847 F.3d 1247, 1253 (10th Cir. 2017). The Court will therefore not strike the response brief as untimely.

The Motion for Leave also requests permission to file an amended brief. The reason this request is being made is because the original response brief contains quotations that are inaccurate or citations to legal authorities that do not appear to exist. Plaintiffs are seeking permission to correct these inaccuracies by filing an amended brief. In an effort to explain what appears to be a patent violation of their obligations under Rule 11, counsel offers a convoluted explanation about problems implementing new technological tools that "resulted in unanticipated version-control interaction with the existing electronic-filing workflow." Doc. No. 128 at p. 10. On this record, the Court is not convinced by counsel's explanation. Accordingly, both of Plaintiffs' attorneys are directed to appear for a hearing on this issue, which will be set by the Court in a separate order. The Court is considering whether sanctions are appropriate and counsel should therefore be prepared to show cause why their conduct did not violate Rule 11(b).

Additionally, the response brief and other filings contain what appears to be excerpts of materials that are covered by a Protective Order. This is not the only time Plaintiffs' counsel has improperly placed confidential material onto the public docket. *See* Order of Feb. 11, 2026 [Doc. No. 127]. Counsel should also be prepared to address this topic at the hearing, including identifying any material that needs to be sealed or redacted.

The response brief also contains several requests for relief that are more appropriately included in a separate motion and therefore appear to be in violation of LCvR7.1(c). The Court primarily points this out to demonstrate that there appears to be a

5

repeated willingness to flout procedural rules and court orders. This should go without saying, but further noncompliance will not be tolerated.

The final motion addressed in this order is Plaintiffs' Motion seeking a referral to a magistrate judge to coordinate discovery and for a protective order to preclude Defendants from engaging in duplicative or burdensome discovery tactics. The motion expounds on Plaintiffs' claim that the duplicative discovery responses are disproportionate to the needs of this case. Once again, the Court disagrees that Defendants separate sets of discovery are unduly burdensome or disproportionate. If Plaintiffs take issues with the breadth of a specific request, they should confer with Defendants in a good faith attempt to resolve the dispute, and then seek court intervention if necessary.

In any event, the main thrust of this motion is that Plaintiffs want this matter referred to a magistrate judge for management of the discovery process. The Court has no doubt that a magistrate judge would capably handle the parties' discovery disputes, but there is no need to foist these burdens on one of our busy magistrate judges. The Court believes it is up to the task of resolving the parties' discovery disputes and expects counsel to comply with their obligation to meet and confer in good faith in advance of seeking court intervention. Further, if Plaintiffs were genuinely concerned about complications during the discovery process, the time to raise those concerns was months ago when the parties engaged in their discovery planning conference and then appeared before the Court for a status conference. The Court is inclined to agree with Defendants that in the time Plaintiffs spent preparing their lengthy briefs they could have simply answered Defendants' discovery responses and resolved at least some of these disputes.

There is one final issue. Defendants seek their fees and costs associated with filing their respective motions to compel and responding to Plaintiffs' motion for referral. Rule 37 permits the court to award a party the reasonable expenses and fees incurred in making or opposing a discovery motion. Plaintiffs' failure to respond to the discovery requests was not substantially justified and the Court is aware of no other circumstances that would make an award of fees unjust.

Accordingly, the Court rules as follows:

- The Roman Catholic Archdiocese of Oklahoma City's Motion to Compel [Doc. No. 114] is GRANTED. Plaintiffs are directed to respond within fourteen days of the date of this Order.

- Mount Saint Mary High School Corporation's Motion to Compel [Doc. No. 113] is GRANTED. Plaintiffs are directed to respond within fourteen days of the date of this Order.

- Defendants' request for attorneys' fees and costs associated with filing their respective motions to compel and submitting a response to Plaintiff's Motion for Referral is GRANTED. Defendants are directed to submit evidence of their reasonable attorneys' fees and costs within fourteen days of the date of this Order.

- Plaintiff's Motion for Referral to United States Magistrate Judge and/or Protective Order [Doc. No. 117] is DENIED.

- Plaintiff's Motion for Leave to File Amended Combined Response [Doc. No. 128] is GRANTED only to the extent that Plaintiffs' original response

will not be stricken as untimely. The remaining aspects of the motion are DENIED and the Court will set a hearing to address Plaintiffs' counsels' use of inaccurate citations and confidential material by separate order.

IT IS SO ORDERED this 24th day of February, 2026.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE