**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JANE DOE 1, et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | No. CIV-22-992-R |
| | ) | |
| MOUNT SAINT MARY HIGH SCHOOL | ) | |
| CORPORATION OF THE STATE OF | ) | |
| OKLAHOMA, an Oklahoma corporation; | ) | |
| et al., | ) | |
| | ) | |
| **Defendants** | ) | |

## <u>ORDER</u>

This matter is before the Court on the supplemental filings submitted by Defendants in support of their request for attorneys' fees [Doc. Nos. 140, 141, 142]. The matter is fully briefed [Doc. Nos. 147, 151, 155, 156, 165, 170, 176] and at issue.

In a prior order, the Court granted the Roman Catholic Archdiocese of Oklahoma City's Motion to Compel and Mount Saint Mary High School Corporation's Motion to Compel and denied Plaintiffs' Motion for Referral to United States Magistrate Judge and/or Protective Order. As part of its ruling, the Court granted Defendants' request for attorneys' fees under Fed.R.Civ.P. 37(a)(5) and instructed Defendants to submit evidence of their reasonable attorneys' fees. Defendants submitted their respective filings indicating that they seek attorneys' fees in the following amounts: counsel for MSM seeks $28,155.25, counsel for the Archdiocese seeks $62,527.50, and counsel for the Sisters of Mercy seeks $2,983.50. Plaintiffs challenge the reasonableness of these fees, contending that they are

1

wholly unwarranted and include work that is duplicative, excessive, or unrelated to the discovery motions. Plaintiffs also appeal to equity, arguing that any fee award, but particularly in the amounts sought here, would impose an undue financial hardship on Plaintiffs' counsel, who are solo practitioners.

Rule 37(a)(5) permits the payment of "reasonable expenses" incurred in making or opposing the discovery motions. "The lodestar figure—reasonable hours times reasonable rate—is the mainstay of the calculation of a reasonable fee." *Anderson v. Sec'y of Health & Hum. Servs.*, 80 F.3d 1500, 1504 (10th Cir. 1996). "The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable." *Pistone v. New Mexico Pub. Def. Dep't*, No. 13-CV-0920 MV/SMV, 2015 WL 13666991, at *1 (D.N.M. Feb. 25, 2015) (citing *Case v. Unified School Dist.*, 157 F.3d 1243, 1249 (10th Cir. 1998)). Several factors can bear on whether the hours expended on a particular task are reasonable and a fee request may be reduced if it includes "hours that were unnecessary, irrelevant and duplicative." *Case*, 157 F.3d at 1250 (quotation marks omitted). Importantly, "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Defendants have each included an affidavit from counsel setting out the hourly rates charged by each attorney or paralegal. *See* Doc. No. 140-1 ¶ 2; Doc. No. 141-1 ¶ 4; 142-1 ¶ 7. Based on its own knowledge of the prevailing rates in this community for work performed by attorneys and legal staff with similar skill and experience, the Court finds that the hourly rates are reasonable.

However, upon review of the time records, the Court finds that certain of the fees sought are not recoverable. Some of the fees appear to reflect duplication of effort, including entries showing that multiple attorneys for a single Defendant attended conferences or drafted/revised the same briefing.[1] Although there may be "occasions when reasonable fees may be incurred for the work of multiple attorneys on a matter[,]" Defendants have not adequately explained or justified the need for "duplicative time for counsel to confer or for major revisions or re-writing of the motion or briefs" in this matter. *Rogers v. Bank of Am., N.A.*, No. CIV.A. 13-1333-CM, 2014 WL 6632944, at *4 (D. Kan. Nov. 21, 2014).

The number of hours requested for the numerous conferences amongst defense counsel also appears excessive and is not adequately supported. *See Henderson v. Horace Mann Ins. Co.,* 560 F. Supp. 2d 1099, 1118 (N.D. Okla. 2008) ("Time spent by lawyers conferring with co-counsel should be excluded or certainly not billed at $250 per hour."). Further, some of the entries reflect work that that likely would have been performed, at least to a certain degree, even absent Plaintiffs' discovery conduct.[2] The Court is not

---

[1] *See, e.g.,* Doc. No. 140-1 at ECF p. 25 (12/11/25 and 12/12/25 time entries for two attorneys to receive and review email correspondence), ECF p. 30-31 (12/17/2025 time entries for two attorneys to attend the same joint defense counsel meeting), ECF p. 32 (12/19/2025 time entries for two attorneys to attend the same meet and confer), ECF p. 57 (1/21/26 time entries for two attorneys to attend the same joint defense counsel meeting); ECF p. 58 (1/22/26 time entries for two attorneys to review and revise the same reply brief); Doc. No. 142-1 at ECF p. 9-10 (12/12/25, 12/16/25, 12/17/25, and 12/22/25 time entries for three attorneys to draft and revise the motion to compel), ECF p. 14-15 (1/21/26 and 1/26/26 time entries for three attorneys to review Plaintiffs' motion), ECF p. 15 (1/22/26 time entries by two attorneys to revise a draft of a reply brief submitted by another defendant represented by separate counsel); ECF p. 22-23 (2/25/26 time entries for two attorneys to attend the same joint defense counsel meeting).

[2] *See, e.g.,* Doc. No. 140-1  at ECF p. 10 (11/24/25 time entry for phone call related to multiple issues, including medication), ECF p. 25 (12/11/2025 time entry for email and phone calls to discuss "a myriad of outstanding discovery issues"), ECF p. 61 (1/28/26 time entry dealing, in part, with a separate motion to

persuaded that the "time spent on work that would have been undertaken even if the motion had not been filed" should be recoverable in this circumstance, where there were multiple, separate discovery issues that were ongoing at the time. *See Rogers* 2014 WL 6632944, at *4; *Lincoln v. State Farm Fire & Cas. Ins. Co.*, No. 1:18-CV-00652-MV-LF, 2019 WL 11623918, at *1 (D.N.M. June 13, 2019) (disallowing fees that "would have been incurred regardless of whether a motion to compel was ultimately filed").

More generally, Defendants' requested amounts are excessive in light of the purpose of monetary sanctions. Rule 37(a)(5)'s fee shifting provision is "designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 208 (1999). The Rule is premised on deterrence, but the amounts requested here are well in excess of what is necessary to deter frivolous or abusive discovery conduct. *See* 8B Fed. Prac. & Proc. Civ. § 2288 (3d ed.) (explaining that the rule was intended to "deter[] parties from making unjustified motions"); *Palzer v. CoxCom, LLC*, No. 15-CV-564-GKF-JFJ, 2019 WL 11585417, at *2 (N.D. Okla. Apr. 19, 2019) (reducing fee award based on nature of discovery conduct, attorney's financial information, "and the Court's purpose in imposing the discovery sanction"). Although the Court recognizes that the number of parties and claims involved in this case increases its complexity, the amounts sought by the Archdiocese and MSM for submitting a motion to compel and then a joint response to Plaintiffs' motion are not

---

quash); Doc. No. 140-2 at ECF p. 14 (1/19/26 time entry to revise multiple discovery related briefs); ECF p. 15 (1/23/26 time entry to prepare deposition outline).

"reasonable." *See Miller v. Legacy Bank*, No. CIV-20-946-D, 2023 WL 7408844, at *3 (W.D. Okla. Oct. 6, 2023) (concluding that "on its face, $16,110 spent in responding to two motions to compel is unreasonable" and applying a 50% reduction).

To address the issues noted above, the Court finds that a significant reduction in the requested fees is warranted. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986) ("A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use."). The Court therefore exercises its discretion to reduce the fee awards as follows: $2,500 to the Archdiocese and $2,500 to MSM. This amount better captures those hours spent directly on drafting the discovery motions/responses. These adjustments are also necessary to ensure that the fee award serves the purposes of Rule 37(a)(5).

The Court declines to award any fees to the Sisters of Mercy. The Sisters of Mercys' involvement was limited to attending defense conferences, reviewing Plaintiffs' motion, and reviewing a draft response prepared by a co-defendant. The Sisters of Mercy did not submit either of the motions to compel or draft any of the responsive pleadings. An award of attorneys' fee is therefore not warranted.

As set out above, Defendants' request for attorneys' fees is granted in part and denied in part. Plaintiffs' counsel shall pay $2,500 to Defendant MSM and $2,500 to Defendant the Archdiocese pursuant to Fed. R. Civ. P. 37(a)(5). [3]

---

[3] The amount is assessed against Plaintiffs' counsel. Plaintiffs' counsel may either pay in monthly installments or within fourteen days of the entry of final judgment (or other termination of the case). *See*

IT IS SO ORDERED this 13th day of May, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

*Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 210 (1999) (recognizing "the hardship that a sanctions order may sometimes impose on an attorney" and stating that "a district court can reduce any hardship by reserving until the end of the trial decisions such as whether to impose the sanction, how great a sanction to impose, or when to order collection").