**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

JANE DOE 1, et al.,                                )
                                                   )
                       Plaintiffs,                 )
                                                   )
v.                                                 )          No. CIV-22-992-R
                                                   )
MOUNT SAINT MARY HIGH SCHOOL                       )
CORPORATION OF THE STATE OF                        )
OKLAHOMA, an Oklahoma corporation;                 )
et al.,                                            )
                                                   )
                       Defendants                  )

**ORDER**

Before the Court is Defendant Mount Saint Mary High School Corporation of the State of Oklahoma's Motion for Judgment on the Pleadings Regarding Jane Doe 16 [Doc. No. 145]. Plaintiffs responded in opposition [Doc. No. 171] and Defendant MSM replied [Doc. No. 172].

MSM seeks dismissal of Jane Doe 16's breach of contract claim pursuant to Fed. R. Civ. P. 12(c), which provides that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." When considering a motion under Rule 12(c), courts apply the same standard applicable to a Rule 12(b)(6) motion to dismiss. *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). The Court therefore accepts all the well-pleaded factual allegations in the complaint as true and views them in the light most favorable to the nonmoving party. *Id.*

1

Plaintiffs are students and the parents of students that attended MSM. They assert various state and federal law claims based on sexual harassment that allegedly occurred while attending MSM.[1] Pertinent here, the Second Amended Complaint alleges that Jane Doe 15 was sexually assaulted by a student of MSM in 2005 or 2006, she reported the sexual assault to her mother Jane Doe 16, Jane Doe 16 reported the incident to MSM's principal, the principal failed to investigate the incident, the principal threatened Jane Doe 15 and Jane Doe 16 with the loss of Jane Doe 15's scholarship, and it was clear to both Jane Doe 15 and Jane Do 16 that MSM would not protect Jane Doe 15. Sec. Am. Compl. [Doc. No. 57] ¶¶ 482-499. Based on these allegations, Jane Doe 15 and Jane Doe 16 assert that MSM breached certain alleged contractual promises by failing to provide a safe educational environment and by failing to comply with certain policies governing sexual harassment. *Id.* at ¶¶ 556-575.

In a prior order [Doc. No. 83], the Court granted MSM's Rule 12(b)(6) motion seeking to dismiss Jane Doe 15's breach of contract claim as time barred. MSM now seeks dismissal of Jane Doe 16's claim for the same reason, explaining that it inadvertently omitted Jane Doe 16's breach of contract claim from its earlier motion.

The breach of contract claim asserted by Jane Doe 16 is premised on the same factual allegations as the claim asserted by Jane 15. Accordingly, for the reasons articulated in the Court's prior order analyzing this issue, Jane Doe 16's breach of contract claim is

---

[1] The factual allegations contained in the Second Amended Complaint were stated in greater detail in a prior order [Doc. No. 83] and will not be repeated here. The Court has considered the entirety of the Second Amended Complaint in reaching its decision.

barred by the five-year statute of limitations. Additionally, there is no factual basis for tolling the statute of limitations with respect to this claim. *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) ("While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."). The allegations in the Second Amended Complaint indicate that both Jane Doe 15 and Jane Doe 16 were aware, at least by the time Jane Doe 15 left school, that MSM had allegedly failed to appropriately investigate and respond to Jane Doe 15's report of sexual assault. Even if Jane Doe 15 and Jane Doe 16 were misled about other reports of sexual assault, they had knowledge of the existence and cause of the injury which is the basis of the breach of contract claim.

Resisting this conclusion, Plaintiffs argue that Jane Doe 16's claim may accrue differently than her minor child's claim. Plaintiffs do not, however, cite any distinct factual allegations regarding Jane Doe 16 that warrant treating Jane Doe 15 and Jane Doe 16 differently for purposes of the accrual or discovery of the breach of contract claim.[2] Plaintiff also note that MSM's motion came over a year after the Court issued its ruling on MSM's motion to dismiss. But MSM's motion has come early enough not to delay trial.

---

[2] Plaintiffs argue that Jane Doe 16 had "distinct knowledge" and was "subject to distinct representations" but the allegations they cite do not support these assertions. They point to ¶ 302 of the Second Amended Complaint, but this paragraph describes an alleged misrepresentation that was made to the student Plaintiffs, not Jane Doe 16. They also point to ¶ 496, but this paragraph describes an alleged misrepresentation that was made to both Jane Doe 15 and Jane Doe 16. Contrary to Plaintiffs' argument, the Second Amended Complaint shows that Jane Doe 16 had the same knowledge regarding MSM's allegedly inadequate response.

Last, Plaintiffs contention that information learned in discovery might support their claim does not relieve them of the obligation to adequately plead a claim in the first instance.

Accordingly, Defendant Mount Saint Mary High School Corporation of the State of Oklahoma's Motion for Judgment on the Pleadings Regarding Jane Doe 16 [Doc. No. 145] is GRANTED. Jane Doe 16's breach of contract claim is dismissed with prejudice.

IT IS SO ORDERED this 17th day of June, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

4