**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JANE DOE 1, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-992-R** |
| | ) | |
| **MOUNT SAINT MARY HIGH SCHOOL CORPORATION OF THE STATE OF OKLAHOMA, an Oklahoma corporation; et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

**ORDER**

Before the Court is Plaintiffs' Motion for Partial Dismissal [Doc. No. 182] requesting leave to dismiss their federal claims without prejudice and then remand this action to state court. Defendants responded in opposition [Doc. Nos. 184, 185] and Plaintiffs replied [Doc. Nos. 186, 187].

***Background***

Plaintiffs initiated this action in state court on May 16, 2022 asserting claims against Defendants arising under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 et seq., and state law. Relying on the Title IX claims, Defendants removed the action on the basis of federal question jurisdiction. The parties then litigated the case in this Court for the next four years. The Court and the parties are familiar with the lengthy procedural history of this case which has included, among other things, multiple motions to dismiss, a motion for leave to amend the complaint, multiple extensions to the scheduling order

deadlines, multiple discovery motions, and a sanctions hearing. The parties have engaged in discovery, conducted depositions, and the case is currently set on the February trial docket. Plaintiffs do not deny that throughout all of this, their Title IX claims have been, if not the center piece of their lawsuit, then certainly a major component.

On February 13, 2025, the Court entered an order granting in part and denying in part Defendants' motions to dismiss. Pertinent here, the Court dismissed Plaintiffs' state law fraud claim with prejudice. As explained in that order, Plaintiffs did not respond to Defendants' arguments seeking dismissal of the fraud claim and it was therefore confessed. The order further explained that a dismissal with prejudice was appropriate given that Plaintiffs had multiple opportunities to amend their pleading and did not request leave to amend in the event their claims were found deficient. Plaintiffs did not move for reconsideration.

Now, for the present motion. The motion explains that new counsel evaluated the pleadings, rulings, burden of proof, prima facie elements, discovery and evidence, and concluded that it is not clear whether the Title IX claims can prevail. Plaintiffs therefore wish to dismiss their Title IX claims without prejudice, remand the case to state court, and clarify that the fraud claim was dismissed without prejudice so they may seek reconsideration of that claim in state court. Additionally, three Plaintiffs wish to drop out of the case altogether.

Defendants, although willing to agree that the Title IX claims will ultimately fail, oppose the requested relief. They characterize Plaintiffs' motion as a late-stage attempt to flee federal court so they can revive their state law fraud claim in a different forum. They

argue that Plaintiffs have not shown good cause to amend their operative pleading, any dismissal should be with prejudice or other conditions, the Court should retain supplemental jurisdiction over the state law claims, and the request to revise the prior dismissal with prejudice should be rejected.

***Standard***

Plaintiffs characterize their request for dismissal as arising under Fed. R. Civ. P. 41. Rule 41(a)(2) provides that, after the filing of an answer or motion for summary judgment, and in the absence of the opposing party's consent, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Although it "refers to dismissal of the 'action,' the rule permits the dismissal of fewer than all parties so long as all claims against a particular party are dismissed." *Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc.*, No. 21-5022, 2022 WL 881575, at *2 (10th Cir. Mar. 25, 2022) (unpublished). However, where a plaintiff seeks to dismiss less than all the claims asserted in the action, "it appears the appropriate procedural mechanism is amendment under Rule 15, not dismissal under Rule 41(a)." *Mar-K Specialized Mfg., Inc. v. Bed Wood & Parts, LLC*, No. CIV-20-00450-JD, 2022 WL 1518110, at *2 (W.D. Okla. Jan. 6, 2022) (citing *Gobbo Farms & Orchards v. Poole Chem. Co*., 81 F.3d 122, 123 (10th Cir. 1996)).

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). To demonstrate good cause, the movant is required "to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts."

*Id*. (internal quotation marks and citations omitted). The standard may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.*

Rule 15 instructs that leave to amend a complaint should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A court may deny leave, however, on account of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Hasan v. AIG Prop. Cas. Co*., 935 F.3d 1092, 1101–02 (10th Cir. 2019) (internal quotation marks and citations omitted).

***Discussion***

Plaintiffs' request to dismiss their Title IX claim is governed by Rule 15, not rule 41, because they are seeking to dismiss less than all the claims in the action. Additionally, because Plaintiffs seek dismissal of their Title IX claim well past the expiration of the deadline to amend the pleadings, they must show good cause as required by Rule 16(a)(4).

To show good cause, Plaintiffs explain that new lead counsel reevaluated the case and it is not clear that Plaintiffs can prevail on the Title IX claim. Given the context of this case, the Court is not persuaded that this explanation supports a finding of good cause. The Court recognizes that Plaintiffs wish to drop claims, which would normally serve to streamline the case and expedite the resolution of the remaining issues. However, the Court cannot ignore that Plaintiffs' request comes several years into litigating this lawsuit. Further, and more significantly, Plaintiffs have not identified any newly discovered facts

or changes in the law which might lend support to their newfound belief that the Title IX claim lacks merit. On the contrary, much of their brief argues that "new evidence in discovery has provided a renewed factual basis" to support their previously confessed state law fraud claims.[1] How newly discovered evidence can both support their fraud claim but undermine the merits of their Title IX claim is not explained. In any event, given their failure to identify any material changes in the facts or law, Plaintiffs' delayed request to dismiss the claim looks less like diligence and more like carelessness. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.") (brackets and quotation marks omitted).

A finding of good cause under Rule 16 requires a showing of diligence and "obligates the moving party to provide an adequate explanation for any delay." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (internal quotation marks and citations omitted). Plaintiffs have not adequately explained their delay or established that they were diligent in attempting to evaluate the case and acquire the information needed to timely amend their pleading.

Even if Plaintiffs could establish good cause for extending the scheduling deadlines, the amendment is improper under Rule 15. Although "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action," a protracted, unexplained

[1] According to Plaintiffs, the "new evidence" supporting the fraud claims is contained in the "McAfee Report" and "additional testimony during deposition." But, as Defendants note, the McAfee Report was produced nearly a year ago and the only depositions that have occurred have been the depositions of Plaintiffs. Thus, the new evidence is not, in fact, new.

delay, "with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quotation marks and citations omitted). Moreover, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target" or "to salvage a lost case by untimely suggestion of new theories of recovery[.]" *Id.* (quotation marks and citations omitted).

As previously noted, Plaintiffs have not provided an adequate explanation for their delay in seeking to amend their pleading. While new developments in discovery can sometimes justify a late amendment, Plaintiffs have not identified any new development that relates to their Title IX claim. Instead, Plaintiffs' belated decision to drop the Title IX claim appears to be entirely motivated by their wish to return to state court. *See, e.g.* Pls.' Mot. at 12 ("Plaintiffs wish to exercise the right to choose the claims and forum of their choice.").

A plaintiff is the master of the complaint and does not necessarily act in bad faith by tailoring her claims to avoid federal court. *See Royal Canin U. S. A., Inc. v. Wullschleger,* 604 U.S. 22, 35-40 (2025). But Plaintiffs are not merely seeking to eliminate a federal claim shortly after removal so they may return to their preferred forum.[2] Rather,

[2] The procedural posture of this case distinguishes it from several cases cited by Plaintiffs. In those cases, unlike here, the plaintiff sought leave to delete claims at the early stages of the litigation and/or the request to amend and remand was unopposed. *See Borque v. David Stanley Dodge, LLC,* No. CIV-17-153-R, 2017 WL 1611142, at *1 (W.D. Okla. May 1, 2017) ("This case is in the early stages of litigation, and there is no reason to think Defendants have spent considerable resources responding to Plaintiffs' federal RICO or TILA claim."); *Medford v. Oklahoma ex rel. Grubb*, No. CIV-25-00340-JD, 2025 WL 959945, at *2 (W.D. Okla. Mar. 31, 2025)(construing notice of dismissal as a request to amend and noting that "the dismissal of the federal claims is unopposed"); *Citizen Potawatomi Cmty. Dev. Corp. v. Beauchamp*, No. CIV-24-

they are seeking to eliminate their primary claim four years into the litigation, after extensive motion practice and discovery, and with the added request that the Court alter a prior ruling so they can revive a previously dismissed claim in another forum.[3] They also resist Defendants' request to enter any dismissal with prejudice, thereby leaving open the possibility that they may re-file their claims. Plaintiffs' unwillingness to dismiss the claim with prejudice despite conceding they likely can't prevail on the merits suggests that their request is not truly about excising a claim that was pleaded in good faith but proved to be meritless. Rather, the late shift in strategy suggests a dilatory motive that weighs against amendment.

Although Rule 15 instructs that leave to amend should be freely given, "equal attention should be given to the proposition that there must be an end to a particular litigation." *Steinert v. The Winn Grp., Inc.*, 190 F.R.D. 680, 684 (D. Kan. 2000). After extensive litigation and numerous delays, this action is finally teed up for dispositive motions and then, if necessary, trial. Plaintiffs' eleventh-hour request to amend their pleading so they may return to state court would disrupt these deadlines and cause needless delay in the resolution of this action. *See Cath. Health Initiatives CO v. Gross*, No. 05-CV-013660-REB-BNB, 2007 WL 3232455, at *1 (D. Colo. Oct. 29, 2007) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."). And while "rigid adherence" to a scheduling order deadline "is

---

00662-JD, 2025 WL 1272835 (W.D. Okla. May 1, 2025) [Doc. Nos. 37, 39] (remanding action after granting unopposed motion to amend).

[3] If Plaintiffs believe there are sufficient grounds to alter the Court's prior order dismissing the fraud claim, they should file a separate motion seeking reconsideration.

not advisable," Plaintiffs' failure to offer an adequate explanation for their belated change in tack supports denying their request. *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990) (affirming denial of motion to amend where the failure to assert the claim was a "tactical decision" and not excusable neglect); *Zisumbo v. Ogden Reg'l Med. Ctr.,* 801 F.3d 1185, 1196 (10th Cir. 2015) ("[B]elated realizations do not justify granting an untimely motion to add new claims."). Because Plaintiffs have not shown good cause for an extension of the scheduling order deadline or satisfaction of the Rule 15(a) standard, leave to amend their pleading to omit the Title IX claim is denied.[4]

Jane Doe 7, Jane Doe 15, and John Doe 1 request to dismiss all their claims without prejudice is also denied. Where a single plaintiff in a multi-plaintiff case wishes to dismiss all her claims, the request is properly analyzed under Rule 41. *See Weinstein v. 440 Corp.*, 146 F.4th 1046, 1048 (11th Cir. 2025) ("Rule 41(a) permits the dismissal of a single plaintiff in a multiple-plaintiff case, so long as all claims that the plaintiff brought against any defendant are dismissed."); *Kristina Consulting Grp.*, 2022 WL 881575, at *2 (unpublished) ("Although Rule 41(a)(1)(A) refers to dismissal of the 'action,' the rule permits the dismissal of fewer than all parties so long as all claims against a particular party are dismissed."); *Travelers Indem. Co. v. Johnson Controls Fire Prot.*, L.P., No. 24-2601-JWL, 2025 WL 3652903, at *1 (D. Kan. Dec. 17, 2025) (concluding that Rule 41 governed "the dismissal of all claims by one plaintiff among multiple plaintiffs in the case"); *Est. of*

[4] Plaintiffs seek remand pursuant to *Royal Canin*, 604 U.S. at 25–26, which held that "[w]hen an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims." However, because Plaintiffs' request to amend has been denied, and the operative pleading therefore includes federal claims, *Royal Canin* does not require remand.

*Hurtado v. Smith*, No. 20-CV-03505-DDD-NYW, 2022 WL 2439088, at *2 (D. Colo. July 5, 2022) (concluding that the proper procedure to drop individual plaintiffs from a multi-plaintiff suit was via dismissal under Rule 41, not amendment under Rule 15).

Rule 41(a)(2) permits dismissal "by court order, on terms that the court considers proper." "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (quotation omitted). "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). To determine whether a defendant will suffer legal prejudice, courts look to numerous factors, including the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation. *Id*. In the end, "[t]he district court should endeavor to insure substantial justice is accorded to both parties." *Id.*

These factors weigh against granting a dismissal without prejudice.[5] As previously explained, the case has a lengthy procedural history and Defendants have spent

---

[5] The analysis might be different if Plaintiffs were seeking a voluntary dismissal with prejudice. *See Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1049 (10th Cir. 2002) ("In most cases, the normal analysis will result in the district court granting the plaintiff's motion to dismiss with prejudice.").

considerable time and effort litigating the case. Further, Jane Doe 7, Jane Doe 15, and John Doe 1 do not explain why, after multiple years of litigation, they suddenly wish to abandon their claims. *See Phillips*, 77 F.3d at 358 (affirming denial of Rule 41(a)(2) dismissal because "a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice"). Jane Doe 7, Jane Doe 15, and John Doe 1's request for dismissal without prejudice is therefore denied.

***Conclusion***

As set out above, Plaintiffs' Motion for Partial Dismissal [Doc. No. 182] is denied. Defendants' Motion for Leave to Supplement their Responses Opposing Plaintiffs' Motion for partial Dismissal and for Remand [Doc. No. 194] is also denied.

IT IS SO ORDERED this 7th day of August, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**